**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Betsy C. Manifold (182450)
Rachele R. Byrd (190634)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com

**KUEHN LAW, PLLC**
Justin A. Kuehn
Molly Brown
53 Hill Street, Suite 605
Southampton, NY 11968
Telephone: (833) 672-0814
justin@kuehn.law
molly@kuehn.law

*Counsel for Plaintiff Abbas Hemani*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE EXTREME NETWORKS, INC. STOCKHOLDER DERIVATIVE LITIGATION | Master File No. 3:25-cv-02101-TLT<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date: September 10, 2026<br>Time: 2:00 p.m.<br>Location: Courtroom 9, 19th Floor<br>Judge: Hon. Trina L. Thompson |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and Paragraph 12 of the Court's Standing Order for Civil Cases.

1. <u>Jurisdiction & Service</u>

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act") over the claims asserted herein for violations of Section 14(a) of the Exchange Act (15 U.S.C. § 78n(a)) and Rule 14a-9 (17 C.F.R. § 240.142-9) promulgated thereunder by the SEC. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this District pursuant to Section 27(a) of the Exchange Act and 28 U.S.C. § 1391 because Defendants have conducted business in this District, and a substantial portion of the transaction and wrongs complained of herein occurred in this District. However, Defendants reserve the right to enforce Section 7.6 of the Company's Amended and Restated Bylaws, which provides that "Unless the Corporation consents in writing to the selection of an alternative forum . . . any derivative action, suit or proceeding brought on behalf of the Corporation . . . shall, to the fullest extent permitted by law, be exclusively brought in the Court of Chancery or, if such court does not have subject matter jurisdiction thereof, the federal district court for the District of Delaware or other state courts of the State of Delaware."

All Defendants have accepted service. *See* ECF No. 11, ¶ 1.

2. <u>Facts</u>

**<u>Plaintiffs' Statement</u>**

This is a consolidated shareholder derivative action, brought on behalf of nominal defendant Extreme Networks, Inc. ("Extreme" or the "Company") against the Individual Defendants. Plaintiffs allege, among other things, that the Individual Defendants caused Extreme to issue a series of materially misleading false statements and omissions during the period March 2022 to January 30, 2024 concerning adverse client demand trends caused by Extreme's clients

over-purchasing from Extreme in the wake of the COVID-19 pandemic to avoid supply shortages thereby cannibalizing their future purchasing needs.

Plaintiffs allege that these statements were materially false and misleading because the Individual Defendants cause the Company to fail to disclose that: (a) Extreme was experiencing adverse client demand trends, as its clients had overordered products during the COVID-19 pandemic to mitigate supply shortages and due to limited alternative sourcing options, thereby cannibalizing their purchasing needs; (b) Extreme was increasingly compensating for these adverse organic demand trends by fulfilling backlog orders at a rate that materially exceeded the proportion previously represented to investors; (c) as a result, (i) Extreme was depleting its backlog at a significantly faster rate than had been represented to investors; (ii) Extreme's backlog was already declining and at a much faster pace than indicated by the Individual Defendants' statements to investors, which asserted that the backlog would only "begin to shrink" in 4Q23 and would not "really go back to normal" until FY26; (iii) Extreme's backlog was not on course to continue growing to $600 million; and (iv) that the Individual Defendants had materially misrepresented Extreme's organic demand, revenue growth, and market share gains, as the fulfillment of Extreme's backlog concealed a decline in organic demand and the associated revenues.

**Defendants' Statement**

Extreme Networks is a leading global provider of cloud networking solutions and industry leading services and support. Extreme Networks designs, develops, and manufactures wired, wireless, and software-defined wide area-network infrastructure equipment, software and cloud-based network management solutions. Extreme Networks has been pushing boundaries for networking technology since its founding in 1996. Extreme Networks stock is publicly traded on the New York Stock Exchange under the symbol EXTR.

Defendants deny that they caused the Company or any Company employee to make any materially false or misleading statements or omissions. To the contrary, Defendants acted reasonably and in good faith to keep investors updated about Extreme Networks' revenue,

growth, inventory, demand, and backlog while taking into account challenging and changing market conditions, and Defendants' forward-looking statements were made with appropriate cautionary language. Plaintiffs' hindsight challenges to Defendants' statements fail, as Defendants did not make any materially misleading statements—and certainly did not do so with the intent to mislead the market.

3. Legal Issues

The legal issues in the consolidated action are expected to include whether pre-suit demand on Extreme's Board of Directors is excused, whether the consolidated action should be further temporarily stayed in light of the related federal class action lawsuit captioned, *Steamfitters Local 449 Pension & Retirement Security Funds v. Extreme Networks, Inc., et al.*, No. 3:24-cv-05102 (the "Securities Class Action"), and whether Plaintiffs have stated a claim against the Individual Defendants for violations of Sections 10(b), 14(a) and/or 20(a) of the Exchange Act, breaches of their fiduciary duties as directors and/or officers of Extreme, unjust enrichment, waste of corporate assets, and insider trading.

4. Motions

On May 13, 2025, Plaintiff Hemani filed a motion to consider whether the *Hemani* and *Turner* Derivative Actions should be related to the Securities Class Action. ECF No. 10. This motion was granted on May 23, 2025. ECF No. 17.

Also on May 13, 2025, Plaintiff Hemani filed a stipulation with proposed order to consolidate the *Hemani* and *Turner* Derivative Actions and appoint Glancy Prongay Wolke & Rotter LLP (f/k/a Glancy Prongay & Murray LLP) and Kuehn Law, PLLC as Co-Lead Counsel for Plaintiffs in the Consolidated Action. ECF No. 11. On May 29, 2025, the stipulation was "tentatively" granted. ECF No. 19.

On August 22, 2025, the Parties filed a Stipulation to stay the case pending resolution of the defendants' forthcoming second motion to dismiss the Securities Class Action. ECF No. 37 (the "Stay Stipulation").

On December 19, 2025, Defendants filed a motion to dismiss the Amended Complaint (the "First Motion to Dismiss"). ECF. No. 46. The First Motion to Dismiss was fully briefed as of January 21, 2026. The Parties provided answers to the court's supplemental questions regarding the First Motion to Dismiss on March 30, 2026. ECF Nos. 56, 57. Oral Argument for the First Motion to Dismiss was heard on March 31, 2026. *See* Transcript of Proceedings, ECF No. 63. Defendants' First Motion to Dismiss, ECF No. 46, was denied as moot by the court after Plaintiffs filed their Second Amended Complaint.

On June 2, 2026, Defendants filed a motion to dismiss the Second Amended Complaint (the "Second Motion to Dismiss"). ECF No. 69. The Second Motion to Dismiss was fully briefed as of July 28, 2026. Oral Argument for the Second Motion to Dismiss is scheduled for November 17, 2026.

The Parties reserve their rights to file any pre-trial and trial-related motions.

5. <u>Amendment of Pleadings</u>

Plaintiffs filed an Amended Verified Shareholder Derivative Complaint on December 1, 2025. ECF No. 43. Plaintiffs filed a Second Amended Complaint on April 28, 2026. ECF No. 64. In light of the pending Second Motion to Dismiss, it is premature to discuss if further amendment is warranted.

6. <u>Evidence Preservation</u>

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and believe that further discussion of ESI is premature at this time.

7. <u>Disclosures</u>

Initial disclosures have not been made.

8. <u>Discovery</u>

No discovery has occurred, and the Parties believe that any discussion of the contents of discovery is premature at this time in light of the pending Second Motion to Dismiss. It is Defendants' position, as noted in the Parties' prior Joint Case Management Statement, ECF 51, that discovery in this action is stayed pursuant to the Private Securities Litigation Reform Act of

1995 ("PSLRA") pending the Court's decision on the Second Motion to Dismiss. *See* 15 U.S.C. § 78u 4.

9. Class Actions

This case is not a class action. However, this action is subject to Federal Rule of Civil Procedure 23.1, which applies when one or more shareholders or members of a corporation bring a derivative action.

10. Related Cases

On May 23, 2025, the Court deemed the *Hemani* and *Turner* Derivative Actions related to one another and to the Securities Class Action. ECF No. 17.

11. Relief

Plaintiffs seek to recover monetary damages and other relief on Extreme's behalf. At this stage, Plaintiffs have not quantified such damages.

12. Settlement and ADR

The Parties believe that discussion of settlement or ADR is premature at this time in light of the pending Second Motion to Dismiss. The Parties accordingly have not filed an ADR Stipulation and Proposed Order.

13. Other References

At this time, the Parties do not believe that this case is suitable for reference to binding arbitration or a special master.

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Narrowing of Issues

The Parties believe that discussion of the narrowing of issues is premature at this time in light of the pending Second Motion to Dismiss.

15. Expedited Trial Procedure

The Parties believe that discussion of the narrowing of issues is premature at this time in light of the pending Second Motion to Dismiss.

16. Scheduling

The Parties will meet and confer in good faith and propose a case schedule within 14 days of final resolution of Defendants' pending Second Motion to Dismiss.

17. Trial

Plaintiffs have requested a jury trial, however, the Parties believe that discussion of the parameters of trial or the length of trial is premature at this time in light of the pending Second Motion to Dismiss.

18. Disclosure of Non-party Interested Entities or Persons

The Parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15, and assert that the certifications accurately assert that the Parties have not identified any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding, other than the named Parties.

19. Professional Conduct

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Other

I. Division of work between Plaintiffs' Counsel

Plaintiffs' counsel hereby provides its assurance that duplicative work will be avoided. Plaintiffs' counsel will ensure adequate and proportional staffing to the needs of the matter at each stage. To avoid duplicative work, plaintiffs' counsel will coordinate to divide initial drafting and revisions or work as necessary and staff calls, conferences, and court appearances with the minimum number of attorneys necessary. Plaintiffs will communicate to ensure the efficient management of the litigation and that efforts are not being duplicated.

II. Quarterly Billing Statements

Since around September 30, 2025, plaintiffs' counsel has submitted and will continue to submit quarterly billing statements to the Court under seal.

Dated: September 3, 2026

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/ Betsy C. Manifold*
Betsy C. Manifold (182450)
Rachele R. Byrd (190634)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com

**KUEHN LAW, PLLC**
Justin A. Kuehn
Molly Brown
53 Hill Street, Suite 605
Southampton, NY 11968
Telephone: (833) 672-0814
justin@kuehn.law
molly@kuehn.law

*Counsel for Plaintiff Abbas Hemani*

Dated: September 3, 2026

**GLANCY PRONGAY WOLKE & ROTTER LLP**

By: */s/ Benjamin I. Sachs-Michaels*
Benjamin I. Sachs-Michaels
745 Fifth Avenue, Fifth Floor
New York, NY 10151
Telephone: (212) 935-7400
bsachsmichaels@glancylaw.com

Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com

prajesh@glancylaw.com

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Dr., Suite 300
Berwyn, PA 19312
rmaniskas@rmclasslaw.com

*Counsel for Plaintiff Nathan Turner*

Dated: September 3, 2026

**LATHAM & WATKINS LLP**

By: */s/ Morgan E. Whitworth*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Morgan E. Whitworth (Bar No. 304907)
*morgan.whitworh@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Daniel R. Gherardi (Bar No. 317771)
*daniel.gherardi@lw.com*
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600

*Attorneys for Defendants Ed Meyercord, Kevin Rhodes, Christina Tate, Remi Thomas, Norman J. Rice, III, Jonas Brown, Ingrid Burton, Charles Carinalli, Kathleen M. Holmgren, Edward H. Kennedy, Raj Khanna, John C. Shoemaker and Joseph A. Vitalone, and Nominal Defendant Extreme Networks, Inc.*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)**

As the filer of this document, I attest that concurrence in the filing was obtained from the other signatories.

Dated: September 3, 2026

By: */s/ Betsy C. Manifold*
Betsy C. Manifold

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated:

HON. TRINA L. THOMPSON,
UNITED STATES DISTRICT JUDGE